**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2504-22

DMITRY KORSUNSKY,

    Plaintiff-Appellant,

v.

SVETLANA KURINSKY,

    Defendant-Respondent.

_____

Argued September 18, 2024 – Decided October 16, 2024

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0388-07.

Stilianos M. Cambilis argued the cause for appellant (The Law Office of Rajeh A. Saadeh, LLC, attorneys; Rajeh A. Saadeh and Stilianos M. Cambilis, on the briefs).

Joseph V. Maceri argued the cause for respondent (Sarno Da Costa D'Aniello Maceri, LLC, attorneys; Joseph V. Maceri, of counsel and on the brief; Kiera E. Kenniff, on the brief).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Dmitry Korsunsky appeals from certain provisions of an April 3, 2023 Family Part order: finding him in violation of litigant's rights (paragraph one); obligating him to pay his share of the parties' only child's student loan balance (paragraph three); obligating him to pay $8,886.58, representing his share of the child's college expenses (paragraph five); and assessing a $15,375 sanction for failure to reimburse defendant Svetlana Kurinsky for their child's college related expenses (paragraph six). Maintaining he did not willfully violate prior orders or the parties' property settlement agreement (PSA), plaintiff argues: the expenses awarded were unrelated to the child's education; he is not responsible for the child's student loans because the proceeds were applied to expenses to which he already contributed; and the court erroneously awarded sanctions. For the reasons that follow, we affirm, in part, and vacate and remand, in part.

I.

This is the second appeal plaintiff has filed arising out of post-judgment orders. See Korsunsky v. Kurinsky, No. A-2559-19 (App. Div. Apr. 13, 2021). In his first appeal, plaintiff challenged a February 21, 2020 order allocating to him the child's college costs and related expenses. Id. at 1. Citing the parties'

PSA, we affirmed the first motion judge's order requiring plaintiff to contribute to the child's college expenses, among other provisions. Id. at 16.

The factual and procedural background are set forth in our prior opinion, id. at 2-8, and need not be repeated here in the same level of detail. We summarize instead the facts and events that are pertinent to this appeal.

Married in 1998, the parties had one child, a daughter born in 2000. Id. at 2. A May 7, 2007 dual final judgment of divorce dissolved the marriage and incorporated the parties' PSA. Ibid. Relevant here, the PSA included the following provisions:

> 2. The parties shall jointly make any and all significant decisions concerning, but not limited to the child's health, education, religious education and welfare with a view toward adopting and following those policies that are in the child's best interest. The parties shall not take any action that would impair the other from being a full participant in their child's li[fe].
>
> . . . .
>
> 33. The parties also agree to pay in proportion to each parties' net income, based on the preceding year's income tax return for the undergraduate college, junior college, vocational or trade school education of [their child]. Such payments shall include tuition, fees, books and room and board. The parties and [their child] shall consult with each other with respect to the child's choice of school.

A-2504-22

34. In the event [the child] is attending school away from home, and not living in the home of [defendant], then [plaintiff]'s obligation to pay child support to [defendant] for [the child] shall be reduced by fifty percent. If the child resides at home while attending school, there shall be no reduction in support.

35. Both parties shall cooperate fully in the child's application process, both for admission and for financial aid, loans, grants and/or scholarships. They shall fully and promptly provide any necessary information, including tax returns and financial statements, and complete all necessary forms in a timely manner.

The first appeal was grounded in the parties' inability to amicably determine their financial obligations toward the child's college education. See id. at 4-5. Defendant filed an order to show cause seeking to compel plaintiff to pay the $10,427.45 balance on the child's second semester tuition bill; plaintiff cross-moved seeking, among other relief, a downward modification of his child support obligation and a declaration that the child waived plaintiff's contribution toward her college expenses. Id. at 5.

Declining to address the matter as emergent, the judge granted defendant's application to compel plaintiff to pay the child's second semester tuition bill, but modified the amount as follows:

The parties shall pay for [the child]'s college education expenses at [a certain Florida college]: [p]laintiff 80%, [d]efendant 10%, and [their child]

4

10%. By February 28, 2020, [p]laintiff shall pay the [c]ollege and/or reimburse [d]efendant, as the case may be, the sum of $8,341.96, representing his 80% contribution for the [s]pring, 2020 [s]emester.

College education expenses shall include tuition, books, room and board, computer, activity fees and other customary education related expenses. The parents' obligation shall be the net college education expenses after application of any grants, scholarships, work study or loans. Absent agreement by the parties as to [their child]'s college education expenses post [the Florida college], either parent may file a motion to have the [c]ourt determine same.

Every semester, [d]efendant shall promptly provide [p]laintiff proof of registration, classes, grades, and credits earned, along with invoices for tuition, books, room and board, and all college related expenses. Plaintiff shall pay the college directly, or as appropriate, reimburse [d]efendant, within 30 days of receipt of the invoices. If [p]laintiff fails to either pay the college directly or reimburse [d]efendant within 30 days of receipt of the invoices, [p]laintiff shall pay a sanction of $25.00 per day to [d]efendant until the amount due and owing is paid in full.

As to any education loans, the parents shall be responsible: [p]laintif[f] 80%, [d]efendant 10%, and [their child] 10%.

[(Emphasis added).]

Sometime thereafter the child transferred to a college in California.

While plaintiff's prior appeal was pending, defendant moved to enforce prior orders, including the February 21, 2020 order. Among other relief,

5

plaintiff sought to compel plaintiff to pay his share of the child's college expenses and for sanctions. Plaintiff cross-moved for enforcement of the same order.

In a May 7, 2021 order, the second motion judge: denied most of the parties' request for relief; granted, by consent, certain requests; granted, as modified, plaintiff's request that defendant pay certain expenses "pursuant to the PSA and previous orders"; and granted plaintiff's request to enforce the February 21, 2020 order and our opinion. Pertinent to this appeal, the judge denied defendant's request for sanctions under the February 21, 2020 order. The judge issued a cogent statement of reasons, thoroughly addressing the issues raised in view of the governing legal principles, the prior orders, and the PSA.

Pertinent to this appeal, the judge reasoned:

> All requests for plaintiff to pay monetary sanctions are denied. As previously stated, several of the expenses defendant requested reimbursement were brought on by the pandemic and are not clearly related to traditional college expenses that the parties would have considered when entering into their PSA. Plaintiff has been paying many of [the child]'s college expenses and has only unreasonably withheld reimbursement from a small portion of the expenses. Further, plaintiff has agreed to pay his share of summer camp expenses which were incurred between 2014 [and] 2018, which defendant has unreasonably raised here.

A-2504-22

On July 23, 2021, the same judge issued an order, granting, in part, and denying, in part, defendant's ensuing reconsideration motion. In a cogent statement of reasons, the judge explained:

> It is not disputed that circumstances changed drastically following entry of the February 21, 2021 [a]mended [o]rder;[1] namely, that the pandemic required closure of [the child]'s dorm and she subsequently relocated to New Jersey [and lived with defendant, then] transferred to a different college [in California] and required a new computer. <u>In denying defendant's initial request for sanctions, the court noted that several of defendant's requests for reimbursement were unreasonable</u> and improperly raised for the first time in a motion, though plaintiff nonetheless agreed to pay for some of those unreasonable requests. The court further considered that the parties had poor communication and defendant's practice of sending letters for reimbursement along with self-calculated penalties significantly added to this hostility. <u>Plaintiff did not act unreasonably or in bad faith by questioning some of the purported college expenses considering how drastically circumstances changed since entry of the February 21, 2021 [a]mended [o]rder.</u>
>
> [(Emphasis added).]

The following year, defendant again moved to enforce the February 21, 2020 order and the parties' PSA. Defendant sought reimbursement of $8,886.58

---

[1] As noted in our prior opinion, "the February 21, 2020 order amended an earlier order to correct the transposing of the parties' obligations to pay [the child]'s college expenses." <u>Korsunsky</u>, slip op. at 2 n.1.

for: the child's moving expenses from one apartment in California to another; fees for the new apartment; rent expenses for summer 2021 classes; and college expenses incurred from September to December 2021 and January to June 2022. Defendant also requested the sanctions for plaintiff's failure to pay these expenses pursuant to the February 21, 2020 order.[2]

Plaintiff opposed the motion, certifying defendant "repeatedly requested" payment for "unreasonable expenses" that fell outside the ambit of the February 21, 2020 order. He therefore asserted defendant sought sanctions "in bad faith." Plaintiff acknowledged the court's prior orders required payment of the child's expenses, but claimed "the amount [he] was ordered to pay was far, far less than the perverse amounts demanded by [d]efendant in her previous motions." As one example, plaintiff claimed the May 7, 2021 order required him to pay $6,620, but defendant had claimed "nearly $50,000[] of predominantly unreasonable expenses." Plaintiff also claimed defendant "fail[ed] to adequately

---

[2] Defendant calculated her request for sanctions as follows: "$2,700 ($25/day x 108 days)" for failing to pay the child's moving costs; "$2,850 ($25/day x 114 days)" for failing to pay the child's deposit and application fees; "$2,600 (104 days x $25/day)" for the child's summer 2021 college expenses; "$5,525 (221 days x $25/day")" for "college expenses incurred through the end of 2021"; and "$1,700 (68 days x $25/day)" "for college expenses incurred through June 30, 2022."

identify or itemize purchases to ensure they compl[ied] with the February 21, 2020 [o]rder."

During oral argument before the third and present motion judge, plaintiff's counsel further asserted defendant should be required "to show that there is no double dipping" because her exhibits demonstrated the loans were taken, but they failed to "show what [the loans] were used for." During colloquy with counsel, the judge acknowledged plaintiff's "valid" argument, stating: "If [plaintiff] is responsible for eighty percent of the loan and that loan was used to pay a given expense, then he should not also have to pay eighty percent of reimbursement of the additional expense." The judge further acknowledged the February 21, 2020 order provided that the parties were responsible for the child's "net college education expenses after application of any . . . loans."

Defense counsel responded that the loans were paid "directly to the school, which offsets the cost." In response to the judge's inquiry whether the exhibits to her certification included bills that "show a hundred percent of the loans taken out went directly to the school," defendant acknowledged she was "not a hundred percent sure." But she added every semester, plaintiff receives the bills that include "exactly what loans have been made to the school to offset that tuition."

Plaintiff's counsel maintained the exhibits did not support defendant's assertion and, as such, she failed "to overcome her burden of showing that there [wa]s no double dipping." He proposed deferring plaintiff's student loan obligation until defendant demonstrated the loan proceeds were not applied to the child's college expenses as "the trial court has done previously."

On another date, the judge issued an oral decision later memorialized in the April 3, 2023 order. Summarizing the "long history of litigation" and the present dispute between the parties, the judge granted, in part, and denied, in part, the parties' applications. Pertinent to this appeal, the judge found plaintiff: violated litigant's rights by "failing to comply with the [PSA] and prior orders, particularly [the] February 21, 2020 [order]"; was "responsible for . . . eighty percent of the child's student loan balance" payable "within sixty days of her college graduation"; and was obligated to "reimburse defendant . . . or the child, for [his] eighty percent share" of expenses totaling, $8,886.58.

The judge "specifically f[ound] that the expenses incurred [w]ere reasonable and . . . mom and/or the child gave dad reasonable notice of his obligations," and "reject[ed] his arguments to the contrary." But the judge did not expressly address plaintiff counsel's proposal, raised during oral argument,

that plaintiff's student loan obligation was subject to defendant's demonstration that the loan proceeds were not used to pay the child's expenses.

Turning to defendant's request for sanctions, the judge reiterated his aversion to daily sanction provisions, as he expressed during oral argument, stating: "[Y]ou end up with a situation just like this where . . . you have a fight over 8,800 bucks or 8,900 bucks and because dad lost, now he's on the hook for another [$]15,000." Noting such provisions "do[ not] seem quite right," and "are generally more trouble than they are worth," the judge nonetheless granted defendant's application. The judge reasoned:

> There is a court order that was entered that imposes this condition, imposes this approach, and so, I find that dad bore the risk when he didn't pay the monies that ultimately he was determined he needed to pay, he bore the risk that he was going to be on the hook for an additional fifteen grand. And so, because that was already in the prior court order, it's not what I would have ordered, but because it is in the prior court order, he knowingly bore that risk and I am imposing that penalty upon him.

## II.

Well-established principles guide our review. We afford deference to the family court's "special jurisdiction and expertise" when reviewing findings of fact. Cesare v. Cesare, 154 N.J. 394, 413 (1998); see also Clark v. Clark, 429 N.J. Super. 61, 70 (App. Div. 2012). We review a trial court's imposition of

11

sanctions against a litigant pursuant to Rule 1:10-3 under an abuse of discretion standard. See Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). We review legal decisions de novo. D.W. v. R.W., 212 N.J. 232, 245-46 (2012).

## A. Paragraph Five

We have considered plaintiff's first contention – that the expenses awarded were unrelated to the child's education, in view of our standard of review and the record provided on appeal – and conclude his argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Notwithstanding the judge's terse reasoning, we cannot conclude on this record that the judge abused his discretion in finding the expenses claimed were reasonably related to the child's education. We therefore affirm paragraph five of the order, obligating plaintiff to pay $8,886.58, his share of the child's education expenses claimed by defendant.

12

B. <u>Paragraphs One and Six</u>

We next consider plaintiff's argument that the judge improperly imposed sanctions. In assessing the sanction, the judge correctly recognized the court's "power to enforce its orders, including a judgment of divorce, which incorporates a marital settlement agreement." Our jurisprudence supports the judge's conclusion. <u>See</u> <u>Finger v. Zenn</u>, 335 N.J. Super. 438, 446 (App. Div. 2000) (recognizing the Family Part "possesses broad equitable powers to accomplish substantial justice" and may tailor an appropriate remedy for violation of its orders); <u>see also</u> N.J.S.A. 2A:34-23 (providing a variety of remedies for violations of pending and post-judgment matrimonial and dissolution orders); <u>R.</u> 1:10-3 (permitting a litigant to seek relief for violation of a court order); <u>R.</u> 5:3-7(b)(4) (providing, in pertinent part, after finding a violation of a judgment or order concerning child support, a court may grant "economic sanctions," in addition to the remedies permitted by <u>Rule</u> 1:10-3).

As our Supreme Court has explained, "a proceeding to enforce litigants' rights under <u>Rule</u> 1:10-3 'is essentially a civil proceeding to coerce the defendant into compliance with the court's order for the benefit of the private litigant.'" <u>Pasqua v. Council</u>, 186 N.J. 127, 140 (2006) (quoting <u>Essex Cnty. Welfare Bd. v. Perkins</u>, 133 N.J. Super. 189, 195 (App. Div. 1975)). Accordingly, "[r]elief

under R[ule] 1:10-3, whether it be the imposition of incarceration or a sanction, is not for the purpose of punishment, but as a coercive measure to facilitate the enforcement of the court order." Ridley v. Dennison, 298 N.J. Super. 373, 381 (App. Div. 1997).

In the present matter, the $25 per day sanction was imposed in accordance with the provision set forth in the February 21, 2020 order, compelling plaintiff's compliance with the terms of that order. It was, therefore, a coercive measure of the type permitted by Rule 1:10-3, and approved in Ridley, 298 N.J. Super. at 381.

Citing our decision in P.T. v. M.S., 325 N.J. Super. 193, 207 (App. Div. 1999), plaintiff correctly asserts imposition of a monetary sanction under Rule 1:10-3 requires a finding that non-compliance with the order was "unjustified and willful." Our Supreme Court has similarly held. See In re N.J.A.C. 5:96 & 5:97, 221 N.J. 1, 19 (2015) (stating "punitive or coercive relief under the Rule cannot be used against one who is not a willful violator of a judgment"); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 4.3 on R. 1:10-3 (2025) ("Before punitive or coercive relief can be afforded, the court must be satisfied that the party had the capacity to comply with the order and was willfully contumacious.").

However, we have recognized willful conduct under Rule 1:10-3 includes, for example, whether "the obligor was able to pay and did not." Schochet v. Schochet, 435 N.J. Super. 542, 548 (App. Div. 2014). Plaintiff neither challenges the calculation of the sanction imposed nor his ability to pay. Rather, plaintiff cites the history of the parties' litigation, including the second motion judge's findings, and argues many of the expenses claimed by defendant were unreasonable. Plaintiff claims his challenges to defendant's present demand for payment were similarly made in good faith.

Unlike the second motion judge, however, the present motion judge expressly determined the expenses claimed by defendant in her latest motion were "reasonable" and she provided plaintiff "reasonable notice of his obligations." We therefore discern no reason to disturb paragraphs one and six of the April 3, 2023 order.

### C. Paragraph Three

Lastly, we turn to plaintiff's loan obligation. The motion judge correctly recognized plaintiff is not responsible for the child's student loans if the proceeds were used for expenses to which he otherwise contributed. But the judge did not expressly find defendant demonstrated the parties' dispute as to this issue. Indeed, during oral argument, defendant acknowledged she was not

certain her exhibits established the loans were paid directly to the school, but claimed plaintiff received the bills and proof that the loans were paid to the school, offsetting tuition. The judge made no inquiry of plaintiff.

We therefore vacate paragraph three of the order and remand for the judge to make the requisite findings under <u>Rule</u> 1:7-4 (requiring "the court . . . find the facts and state its conclusions of law . . . on every motion decided by a written order that is appealable as of right"). On remand, we leave to the motion judge's sound discretion whether to seek supplemental briefing or conduct a plenary hearing.

Affirmed in part, vacated and remanded in part. Jurisdiction is not retained.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2504-22